## 8874

### EASTERLING v. ODOM.

#### (82 S. E. 407.)

CLAIM AND DELIVERY. PROCESS. APPEAL AND ERROR.

1. Service of summons may be made by any person not a party to the action.
2. An interlocutory administrative order directing a sheriff of one county to seize and take cattle in another county, under the provisions of the Code of Civil Procedure (sec. 259), does not involve the merits, and is not appealable.
3. Where the venue of an action for claim and delivery of certain cattle laid in C. was changed to M. for convenience of witnesses, error in directing the sheriff of M. to seize the cattle in C. for immediate delivery to plaintiff did not present an issue "involving the merits," and was therefore not a matter on which to base an appeal authorized by Code Civ. Proc. 1912, sec. 11, par. 1.

Before FRANK B. GARY, J., Bennettsville, November, 1913. Appeal dismissed.

Action by H. T. and A. G. Easterling, copartners, etc., against C. D. Odom. The order appealed from was as follows:

"This case comes before me on a motion made by plaintiffs, for the removal of the cause from Chesterfield county, where the action was instituted, to Marlboro county, where all of the parties reside, and for the purpose of obtaining such order of this Court as will permit the sheriff of Marlboro county to seize the cattle described in the complaint.

It seems that the above entitled action is one for the claim and delivery of certain cattle claimed by the plaintiffs now in the possession of the defendant, in his pasture, which is just across the Pee Dee River in Chesterfield county.

It further appears that the defendant herein, through his counsel, has expressed a willingness to have the case transferred from Chesterfield county to Marlboro county, and the question I am called upon to decide, is whether the cause, having been transferred by consent to Marlboro county, the sheriff of the last named county should not be permitted and required to seize the cattle claimed as fully and effectually as if the said cattle were in Marlboro county. It appearing to my satisfaction that the claim and delivery papers in this action were issued at the same time as the summons in this action, that all of said papers, including the summons and complaint, claim and delivery papers, and bond were all served on the defendant on the 18th day of November, 1913, by J. H. David, and it further appearing to my satisfaction that it will be much more convenient and agreeable for the sheriff of Marlboro county to seize the said personal property instead of the sheriff of Chesterfield county:

Now, on motion of D. D. McColl, Jr., attorney for the plaintiffs, it is ordered, that this case be, and the same is hereby, removed from Chesterfield county to Marlboro county by the consent of the defendant.

It is further ordered, that all further proceedings in this case be had in Marlboro county, just as fully and effectually as if the action had been originally instituted in the last named county.

It is further ordered, that the sheriff of Marlboro county shall forthwith seize the property described in the complaint, and deliver the same to the plaintiffs in this action, unless the defendant shall take the necessary legal steps to replevy said property. The charges and intentions of this order being that the sheriff of Marlboro shall seize said property without

any prejudice to the rights of the defendant to replevy the same according to law."

The defendant appeals on the following grounds, to wit:

1. That his Honor erred in granting the order of said date on the ground that the sheriff of one county has no jurisdiction beyond his county limits.

2. That his Honor erred in holding that the bond in question has been properly served.

3. That his Honor erred in holding that there had been a sufficient claim of the property in question under the statute.

4. That his Honor should have held that it was without jurisdiction to grant the order in question.

5. That his Honor should have held that there had not been a sufficient service of the bond in question.

6. That his Honor should have held that there had not been a sufficient claim of the property in question and that inasmuch as the summons had been issued and answer served, the action was one to try title to personal property.

*Mr. S. S. Tison,* for appellant, submits: *The order involved a question of jurisdiction, and is appealable:* 43 S. C. 149. *Sheriff had no jurisdiction beyond his county limits:* 2 Rich. 568; 8 Am. St. Rep. 457; Code Civil Proc. 259. *No waiver by consent to change of venue:* 57 S. C. 14; 87 S. C. 101. *Character of action:* Code Civil Proc. 177, 257, 260; 29 S. C. 31.

*Mr. D. D. McColl, Jr.,* for respondent.

July 15, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is manifestly for claim and delivery of five head of cattle; the venue was laid in Chesterfield, wherein

the cattle had been put to pasture on defendant's land. All the parties then and now resided in Marlboro.

Concurrently with the issuance of summons and complaint, the plaintiffs demanded the "immediate delivery" of the cattle (Code of Civil Procedure, sec. 257); but the sheriff of Chesterfield had not executed that remedy, nor had he served the summons and complaint; both were served in Marlboro by "another person not a party to the action." (Code Civil Procedure, sec. 183.)

The plaintiffs then moved the Circuit Court to change the venue to Marlboro for the convenience of witnesses (Code Civil Procedure, sec. 176), and, also, for direction to the sheriff of Marlboro to seize the cattle in Chesterfield for "immediate delivery." The motion was granted.

The defendant consented to a change of venue, but dissented from all service of process by another than the sheriff of Chesterfield and from direction for seizure by sheriff of Marlboro.

So practically the appeal makes only two issues, though there are six exceptions. The first is, ought there to have been exclusive service of process by the sheriff of Chesterfield; the second is, did the Circuit Court have power to direct the sheriff of Marlboro to go into the pasture of Chesterfield, take the cattle and carry them into Marlboro.

On the first issue the provisions of the Code are conclusive against the appellant. Section 183 provides for service by the "sheriff of the county where the defendant may be found, or by any other person not a party to the action."

The defendant was not "found" in Chesterfield; he was in Marlboro and was there served by David, who was not a party to the action.

The second issue presents nothing "involving the merits," and is, therefore, not a matter to be appealed.

Code of Civil Procedure, sec. 11, par. 1.

The plaintiff had a *right* to immediate delivery, and the defendant had a right to a redelivery. How these rights

are to be ordinarily enforced, is set out in the Code of Procedure, but that they have not been so enforced is not material on appeal, when the title of the parties in the property is not imperiled.

The judgment of this Court is, that the appeal be dismissed, and it is so ordered.